FILED

Thoms E. Rothschild
11665 Collier Blvd.
P O Box 988026
Naples, Fl. 34116
239-595-5895
Thomasrothschild8@gmail.com

2023 APR 19 AM 11: 47

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JURISDICTION

2:23-CV-00273-JLB-KCD

THOMAS E ROTHSCHILD, AND ALL OTHER
INDIVIDUALS SIMILARLY SITUATED,

     Plaintiff,

vs.

YANA FOUNDATION,

     Defendant

Case No.: TBA

BREACH OF CONFIDENTIALIY
FRAUD
NEGLIGENCE
WORKPLACE HARASSMENT
BREACH OF AMERICAN DISABILITIES ACT
WRIT OF MANDATE FOR CLASS ACTION

       Thomas E Rothschild brings this action as an individual and a member of a class seeking relief from the Defendant, YANA Foundation, Ft. Myers, Florida. This class action is complex and begs the court to identify the class as a common group of idividuals who have been harmed by the careless nature of the operation of Alcoholics Anonymous meetings, particularly in Ft. Myers, Florida.

       STIPLUATION OF THE FACTS

1.  Thomas E. Rothschild, an alcoholic, attended meetings at the YANA Foundation club located in Ft. Myers, Florida.

2.  At these meetings, Robert Rabb, President of the THENEXTEP.ORG

     Chris Maike, owner of THE PHOENIX HOUSE REHAB

     Mike Schwartz, Vice President of Guaranteed Rate

3.  Robert Rabb, THENEXTEP.ORG, Plaintiff stayed at a Sober Home with this facility, for approximaely one month, before being discharged for calling police pursuant to a threat of violence by then house manager.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 1

4.  Chris Maike, is the owner of Phoenix House , whereby he leases a home and is not accredited by FAAR, and Plaintiff stayed at this home for approximately 1 ½ months before being discharged due to disorderly conduct, and a letter of explanation is attached as Exhibit A

5.  Mike Schwartz, is a lender with Guaranteed Rate and a AA sponsor to Plaintiff.

6.  The individuals, Robert Rabb and Chris Maike are in a relationship known as Sponsor and Sponsee. Chris Maike has been the sponsee to Robert Rabb during his 10 years of sobriety.

7.  Mike Schwartz is a co worker with plaintiff and a member of YANA foundation as well as Robert Raab and Chris Maike.

8.  Upon meeting with Mike Schwartz as a sponsee to sponsor (Schwartz) in March, 2023, Schwartz became so abusive and threatening, that Schwartz walked away from the meeting with threats and slurs under his breath, that Plaintiff became afraid of physical aggression by Schwartz, that Plaintiff fled the YANA meeting place for his safety.

9.  Upon information and belief, the three of these individuals conspired to share personal information about Plaintiff , protected by  HIPAA laws and regulations that was related to parties not related, and Plaintiff has been discharged from duties and responsibilities at Coldwell Banker, Anywhere Real Estate, LLC.

10. These three individuals were responsible for sharing delicate information about Plaintiff that was direct cause for discharge from Phoenix House based on the relationship between Robert Rabb and Chris Maike.

11. The three of them spoke at the YANA Club and violated confidentiality, that spilled in to the workplace and now Plaintiff has been fired due to a clause in contract 6a, for any reason they may discharge.

12. Plaintiff believes the information that Plaintiff lives in a sober home, and has for a number of months, and lived in St. Matthews a homeless shelter, and is an alcoholic who  now markets to Millionarires and their homes in Sanibel Island, is now a threat to Coldwell Banker which has resulted in his discharge.

13. Upon information and belief, the three individuals, Maike, Raab, and Schwartz also conspired to discriminate against Plaintiff due to his age of 74 years old.

14. Plaintiff seeks protection due to Title III of ADA for alcoholism, and loss of hearing as a disability,and age discrimination.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 2

15. All of the infractions of breach of confidentiality and fair dealing, were performed on the grounds of the Ft. Myers YANA foundation grounds and facilities in Ft. Myers, Fl.

## COUNT I   CONFIDENTIALITY BREACH AND FAIR DEALING

## POINTS AND AUTHORITIEES

Standard documents Maintained National/Federal

An agreement between an employer and an employee concerning confidentiality and appropriate handling of the employer's commercially valuable information, compliance with relevant security rules and policies, and protection of the employer's intellectual property assets. Agreements of this type have various titles, which may use the term...

...Unlike non-compete provisions, time limits on the duration of a **confidentiality** agreement generally are not required for enforceability. For example, the District Court for the Northern District of Georgia declined to find an employee **confidentiality** agreement "unreasonable as a matter of law simply because [it is] not limited in time" ( Duracell Inc. v. SW Consultants, Inc., 126 F.R.D. 571, 575 (N.D. Ga. 1989)). Most courts regard **confidentiality** agreements as less burdensome on an employee than non-compete agreements because preserving **confidentiality** does not restrict a former employee's ability to earn a living. As a result, an employee **confidentiality**...

...(for example, customers, consultants, suppliers, and other business associates) execute separate **confidentiality** agreements (also referred to as non-disclosure agreements or NDAs) before disclosing any valuable confidential information to them (see, Standard Document, **Confidentiality** Agreement: General (Mutual) and **Confidentiality** and Nondisclosure Agreements Toolkit). The optional language above...

**§ 16. Complaint, petition or declaration—Allegation—For breach of implied covenant of good faith and fair dealing—By television show producer—Against participant in television show**

1. By reason of the Agreement, Defendant covenanted to perform in good faith and to deal fairly with Plaintiff in all respects related to the subject matter of the Agreement. This covenant of good faith prohibits conduct by one party which prevents or impairs or would tend to prevent or impair the other contracting party or other beneficiary of such contracting party from enjoying the benefits of the terms of the contract intended to be enjoyed.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 3

2. Plaintiff at all times fulfilled all conditions, covenants and promises it was required to perform under the Agreement with Defendant, except those waived or excused by reason of the **breaches** by Defendant.

3. In **breaching** the **confidentiality** provisions of the Agreement, as alleged above, Defendant is preventing Plaintiff from enjoying the benefits of the Agreement, which benefits Plaintiff was intended to enjoy and, accordingly, Defendant **breached** *[his/her]* duty of good faith and fair dealing.

4. As a direct and proximate result of Defendant's constructive and actual **breach** of the terms of the Agreement, Plaintiff has suffered and will continue to suffer damages, including but not limited to the loss of commercial value in the program *[name of television program]*, in an amount to be determined at trial, but believed at present to be no less than $*[dollar amount of minimum sum]*, the stipulated damages set forth in the Agreement

Schiavello v. Delmarva Systems Corp.

United States District Court, D. Delaware. June 29, 1999 61 F.Supp.2d 110 1999 WL 623346

Employee brought action against employer, alleging breach of his employment contract and violation of the Delaware Wage Payment and Collection Act. Employer moved for summary judgment. The District Court, Longobardi, Senior District Judge, held that: (1) under Delaware law, after-acquired evidence of resume fraud is a complete defense to employee's...

... Defendant also learned that plaintiff omitted several employers from his resume....

... Defendant alleges that under Delaware law, the after-acquired evidence of plaintiff's resume fraud requires equitable rescission and is a total bar to plaintiff's recovery for breach of contract....

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Young v. West Coast Indus. Relations Ass'n, Inc.

United States District Court, D. Delaware. April 17, 1991 763 F.Supp. 64 1991 WL 58864

Union and employees brought Racketeer Influenced and Corrupt Organizations Act (RICO) action against employers, their principals, and their collective bargaining representative. On motions to dismiss for failure to state a claim, the District Court, Longobardi, Chief Judge, held that: (1) the employers' attempts to "get...

...Defendants have moved for dismissal of Plaintiffs' mail and wire fraud claims on the ground that Plaintiffs' allegations of fraud are insufficient because the alleged scheme simply does not amount to fraud....

... First, Defendants assert that Plaintiffs' allegations of fraud are insufficient because Plaintiffs have failed to allege any misrepresentations in connection with the alleged scheme to defraud....

Trial Court Orders View all 227

Doe v. United States of America

United States District Court, N.D. California. May 29, 2015 No. 14-MC-1412 (JG).

...Since the conviction was for health care fraud, it's hard to blame those employers for using the conviction as a proxy for Doe's unsuitability....

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 5

...The government's main arguments against expungement are that Doe's circumstances are not sufficiently extreme and that it is entirely appropriate for employers in the health care field to have knowledge of her conviction of health care fraud....

Statutes & Court RulesView all 1,680

Rule 9.    Pleading Special Matters

FRCP Rule 9United States Code Annotated

United States Code Annotated

Federal Rules of Civil Procedure for the United States District Courts

**Title III. Pleadings and Motions**

FRAUD...

...Plaintiff pleaded fraud with sufficient particularity with respect to claim that defendant neglected to disclose large number of chemical components in water to be treated and disposed of by plaintiff, even though defendant signed report certifying that description of what was contained in water was accurate;  plaintiff stated that report signed by defendant failed to disclose chemicals in water, that report was signed and given to plaintiff so that plaintiff would act by disposing of wastewater for defendant...

RegulationsView all 2,391
BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 6

1

2

3  § 790.16  "In reliance on."

4

5

6  29 C.F.R. § 790.16 Code of Federal Regulations

7

8  Code of Federal Regulations

9

10  Title 29. Labor

11

12  Subtitle B. Regulations Relating to Labor

13

14

15  Chapter V. Wage and Hour Division, Department of Labor

16

17  Subchapter B. Statements of General Policy or Interpretation Not Directly Related to Regulations

18

19  Part 790. General Statement as to the Effect of the Portal–To–Portal Act of 1947 on the Fair Labor

20  Standards Act of 1938

21

22  Defense of Good Faith Reliance on Administrative Regulations, Etc.

23

24

25  ... After an employee suit has been brought against him, another employer calls his attention to a

26  letter that had been written by the Administrator of the Wage and Hour Division, in which the opinion was expressed

27  that employees of the type employed by the defendant were exempt from the overtime provisions of the Fair Labor

28  Standards Act....

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 7

...(b)   Assume, for example, that an employer failed to pay his employees in accordance with the overtime provisions of the Fair Labor Standards Act....

Administrative Decisions & GuidanceView all 9,850

Out of Plan

CHAIRMAN LEVITT DISCUSSES SECURITIES LITIGATION REFORM; ANNOUNCES CREATION OF S.E.C. LITIGATION ANALYSIS UNIT TO HELP SCREEN OUT CASES THAT LACK MERIT

S.E.C.January 25, 1995S.E.C. 95-61995 WL 28285

...abusive to the General Counsels immediate attention. Key terms defined: Fraud on the market: * The fraud on the market theory is based on the concept that...

...failure to disclose material corporate information are regarded as a fraud on all stock purchasers, even those that did not personally...

Employer-Side Strategies for Negotiating a Severance or Settlement Agreement: Single Plaintiff Employment Dispute

Practice notes Maintained National/Federal

A Practice Note describing strategies for negotiating a severance or settlement agreement in a single plaintiff employment dispute from the employer's perspective. This Note focuses on the employer's business considerations, the reasons for settlement, key employer agreement terms, strategies for responding to common employee demands, and other...

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 8

...The employer's approach to the first draft of the agreement varies depending on the circumstances of the employee's departure. For example, where the employee's departure is less contentious, or the employer wants to short-cut the negotiation process, the employer may use the initial draft to communicate fairness. The employer can do this by drafting mutual, middle-of-the-road terms, especially about those issues less important to the employer....

...A Practice Note describing strategies for negotiating a severance or settlement agreement in a single plaintiff employment dispute from the employer's perspective. This Note focuses on the employer's business considerations, the reasons for settlement, key employer agreement terms, strategies for responding to common employee demands, and other best practices. This Note addresses federal law but flags common state law issues that employers must consider. For state-specific resources, see Settling State Law Employment Disputes Toolkit and Employment Claims in Release Agreements: State Q&A Tool...

Employer's misrepresentations as to employee's or agent's future earnings as actionable fraud

American Law Reports ALR3dThe ALR databases are made current by the weekly addition of relevant new cases.16 A.L.R.3d 1311 (Originally published in 1967)

This annotation discusses whether an employee or agent has a tort action for fraud against his employer where the employer has misrepresented the employee's or agent's future earnings in order to induce the employee or agent to enter into or remain in the employment or agency relationship. Related Annotations are located under the heading of this...

...That employer intended to out-source sales to save money on commissions, thereby increasing its profit, did not demonstrate that employer lied to its existing sales force about its intent to pay commissions, or that employer promised to pay plaintiff commissions with no intent of doing so, thus defeating plaintiff's actual fraud claim against employer....

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 9

1   ...Alleged false representation by former employer that employer corporation would divide profits

2   in form of equal salaries and bonuses to employees was mere statement of future intention, rather than actionable

3   fraud, in absence of allegation that employer never intended to honor statemtnt and in absence of justifiable reliance

4   on part of employee; alleged false representation that if employee would refrain from obtaining patent on product

5   developed by him and would allow his employer to manufacture it, litigation with other companies would be

6   avoided and employee's bonus would accordingly be greatly increased due to increased profits of employer...

7

8   FormsView all 4,331

9

10

11

12

13   § 1:21. Provisions to include in severance agreements—Continuation of benefits

14

15   Special Study for Corporate Counsel on Severance AgreementsSEVAGR § 1:21

16

17   Some severance packages contain a provision that provides for the continuation of the employee's

18   benefits, such as health and life insurance, for a period of time after discharge. This can be handled in a couple of

19   ways. COBRA requires employers to make health benefits available to terminating employees for a period of up to

20   eighteen months. The...

21

22   ...It would be unjust for Plaintiff to retain these benefits because Plaintiff did not waive her right to

23   sue Defendant for discriminatory discharge....

24

25   ...After the former employer received the plaintiff's signed document, a payment transmission was

26   authorized and her COBRA benefits were paid....

27

28   BriefsView all 10,000

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 10

Brief Amici Curiae of the Equal Employment Advisory Council and Chamber of Commerce of the United States of America in Support of Respondent and in Support of Affirmed

Stacy M. PLATONE, Petitioner, v. UNITED STATES DEPARTMENT OF LABOR, Respondent.United States Court of Appeals, Fourth Circuit.December 05, 2007

...Our sole concern is whether the reason for which the defendant discharged the plaintiff was discriminatory....

...Thus, when an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination....

Trial Court DocumentsView all 10,000

Third Party Defendant Local 80's Motion to Dismiss Third Party Complaint

TRUSTEES OF THE SHEET METAL WORKERS' LOCAL, UNION NO. 80 PENSION TRUST FUND, Plaintiffs/Counter-Defendants, v. W.G. HEATING & COOLING, INC., Defendant/Counter-Plaintiff; W.G. Heating & Cooling, Inc., Third-Party Plaintiff, v. Sheet Metal Workers International Association, Local 80, Third-Party Defendant.United States District Court, E.D. Michigan, Southern Division.July 25, 2008

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 11

...In order to prove fraudulent misrepresentation or common-law fraud, a plaintiff generally must show that: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff...

...Defendant/counter- plaintiff/third-party plaintiff W.G. Heating & Cooling (the " Employer ") is a company that was previously a signatory to a collective bargaining agreement with the Union which required the Employer to remit fringe benefit contributions....

Expert Materials View all 3,424

(Report or Affidavit of Christian C. R. Wrigley)

Expert Report and Affidavit Tim VAUGHN, Plaintiff, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant. United States District Court, W.D. Missouri, Western Division. July 14, 2005

...The Fraud and Non-compliance section of the Workers' Compensation was established, and intended by the drafters, to address outright fraud of disability claims where there was no medical evidence to support the claim....

...From 1976 through 1995 I lobbied on behalf of the above associations primarily in area of employer/employee legislation....

Jury Verdicts & Settlements View all 2,218

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 12

National Steel Corp. v. Wood

United States District Court, S.D. Florida. June 20, 2003

...In addition, NSC alleged Wood engaged in civil conspiracy to breach fiduciary duties, commit fraud, commit constructive fraud and commit commercial bribery....

...NSC filed a lawsuit against Wood in the United States District Court for the Southern District of Florida, Miami Division, alleging violations of the Robinson-Patnam Act, 15 U.S.C.    13(c) for accepting illegal kickbacks while engaged in interstate commerce, breach of fiduciary duties owed to NSC, fraud, constructive fraud and commercial bribery....

Proposed & Enacted LegislationView all 510

2017 CONG US HR 4760

115th CONGRESS, 2nd SessionJanuary 10, 2018H. R. 4760Introduced in House  To amend the immigration laws and the homeland security laws, and for other purposes. Mr. Goodlatte (for himself, Mr. McCaul, Mr. Labrador, Ms. McSally, Mr. Sensenbrenner, and Mr. Carter of Texas) introduced the following bill; which was referred to the Committee on the Judiciary, and in addition to the Committees on Education and the Workforce, Homeland Security, Foreign Affairs, Ways and Means, Armed Services, Oversight and Government Reform, Agriculture, Transportation and Infrastructure, and Natural Resources, for a period to be subsequently determined by the Speaker, in each case for...

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 13

...If an employer chooses voluntarily to seek verification of any individual employed by the employer, the employer shall seek verification of all individuals employed at the same geographic location or, at the option of the employer, all individuals employed within the same job category, as the employee with respect to whom the employer seeks voluntarily to use the verification system....

...The Secretary shall designate an employer as a registered agricultural employer if the Secretary determines that the employer-...

Proposed & Adopted RegulationsView all 8,102

85 FR 60288-01Viewed Recently

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENTThursday, September 24, 2020RULES and REGULATIONSHUD's Implementation of the Fair Housing Act's Disparate Impact Standard2020 WL 5653671

HUD has long interpreted the Fair Housing Act ("the Act") to create liability for practices with an unjustified discriminatory effect, even if those practices were not motivated by discriminatory intent. This rule amends HUD's 2013 disparate impact standard regulation to better reflect the Supreme Court's 2015 ruling in Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc. and to provide clarification regarding the application of the standard to State laws governing the business of insurance. This rule revises the burden-shifting test for determining whether...

...(3) If a defendant rebuts a plaintiff's assertion under paragraph (c)(1) of this section, the plaintiff must prove by the preponderance of the evidence either that the interest (or interests) advanced by the defendant are

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 14

1  not valid or that a less discriminatory policy or practice exists that would serve the defendant's identified interest (or

2  interests) in an equally effective manner without imposing materially greater costs on, or creating other material

3  burdens for, the defendant....

4

5           ...[FN9] The proposed revisions included defenses that a defendant could utilize to rebut the

6  plaintiff's case, by showing that the defendant's discretion was materially limited, that the defendant's use of a risk

7  assessment algorithm was non-discriminatory, or that the plaintiff had failed to plead a prima facie case....

8

9

10  **1.** <u>Evans v. Martin</u>
    Case No. 1:21-cv-00093-BAM (PC) (E.D. Cal. May. 19, 2021)Cited 2 times

11  <u>Plaintiff also asserts that Defendant Heather Diaz violated HIPAA</u>
    <u>confidentiality. "HIPAA itself does not provide for a private right of action." Webb</u>

12  <u>v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007).</u>

13  <u>Accordingly, Plaintiff cannot state a claim against any defendant based on an</u>
    <u>asserted violation of HIPAA.</u>

14          **The ADA, Addiction, and Recovery**

15

16          (Printer-friendly PDF version | 299 KB)

17  (Large Print PDF version | 302 KB)

18  (Spanish version)

19

20

21          The Americans with Disabilities Act (ADA) ensures that people with disabilities have the same

    rights and opportunities as everyone else. This includes people with addiction to alcohol and people in recovery

22  from opioid and substance use disorders. This is a very complex subject due to developing court cases.

23

24

25          **Structure of the ADA**

26

27          Below are the first three titles of the ADA. This is the structure under which people's rights are

28  protected and responsibilities are defined.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 15

Employment (Title I): This title focuses on reasonable accommodations, which can include a change in the way work is performed.

State and local governments (Title II): This title focuses on access to services, programs, and activities in public education, corrections and the courts etc.

Places of public accommodation (Title III): This title focuses on access to goods and services in such places as sober homes, health care facilities and other private businesses that serve the public.

The ADA applies to addiction to alcohol and to the illegal use of drugs differently. This fact sheet explains these differences through scenarios.

**Definition of Disability**

A person has a disability under the ADA if the person has:

1. A physical or mental impairment that substantially limits one or more **major life activities,** e.g. someone with bi-polar disorder, diabetes or addiction to alcohol; or

2. A **history** of an impairment that substantially limited one or more major life activities, e.g. someone who has a history of cancer; or someone in recovery from illegal use of drugs; or

3. Been **regarded** as having such an impairment, e.g. someone who has a family member who has HIV, so is assumed to have HIV as well and face discrimination as a result, or someone who is perceived to have a disability and is treated negatively based on the assumption of disability.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 16

**Major life activities** include, but are not limited to: walking, seeing, caring for oneself, learning, working, thinking, communicating and also the operation of bodily functions, such as neurological and brain functions.

### Addiction to Alcohol

Regardless of whether the addiction to alcohol is current or in the past, it is generally considered a disability because it is an impairment that affects brain and neurological functions.

**Scenario:** Michael is often late for work. His supervisor warns him about his tardiness. The third time Michael is late, his supervisor gives him a written warning, stating that one more late arrival will result in termination. Michael tells his supervisor that he is addicted to alcohol. He says his late arrivals are due to his drinking and that he needs immediate time off for treatment.

**Is Michael protected under Title I of the ADA?** Yes, he is a person with a disability (addiction to alcohol), but it is complicated. The employer does not have to withdraw the written warning nor grant an accommodation that supports Michael's drinking, like allowing him to arrive late in the morning. The employer can require an employee with addiction to alcohol to meet the same standards of performance and behavior as other employees. The employer must grant Michael's request to take leave to enter a rehab program, unless the employer can prove that Michael's absence would cause a great difficulty or expense (undue hardship).

**Scenario:** Isabella's manager hears a rumor that she is addicted to alcohol, and reassigns her to a less stressful job with lower pay because of concerns that work stress contributes to her drinking, despite the fact that she has not had any work-related problems.

**Is Isabella protected under the ADA?** Yes, she is being **regarded** *as* having a disability, and has been negatively affected. Isabella's manager violated the ADA when he reassigned Isabella to a lower paying job.

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 17

**Illegal Use of Drugs**

The ADA protects a person in recovery who is no longer currently engaging in the illegal use of drugs, and who can show that they meet one of the three definitions of disability (see above definition of disability).

**Illegal use of drugs means:**

1. Use of illegal drugs such as heroin or cocaine.

2. Use of prescription medications such as OxyContin or Morphine

   **BUT** the person has no prescription;
   **OR** is using more than is prescribed;
   **OR** has a fraudulent prescription.

**In recovery means:**

1. Is in recovery from a substance use disorder;

2. Has ceased engaging in the illegal use of drugs;

3. Is either participating in a supervised rehabilitation program; or

4. Has been successfully rehabilitated.

**What does "current" mean?**

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 18

1.  "Illegal use occurred recently enough to justify a reasonable belief that a person's drug use is a real and ongoing problem."

2.  Under the ADA, whether someone is currently using drugs illegally is decided on a case-by-case basis.

**Scenario:** Marianna has been **cocaine-free** for eight years. She applies for a job that she is qualified to do. The employer refuses to hire her because he knows about her past addiction.

**Is Marianna protected under Title I of the ADA?** Yes, she is protected under the ADA because she has a *history* of an impairment (addiction to cocaine), and has refrained from the use of illegal drugs for eight years which is a good indication that there is not an ongoing problem. The potential employer violated the ADA when he refused to hire Marianna because of her recovery status.

**Medication To Treat Substance Use Disorders**

Ivy v. Williams

781 F.3d 250 (5th Cir. 2015)Cited 13 times

Judge's Summary — Stating that "the parties have not pointed to any reason why Title II [of the ADA] and the Rehabilitation Act should be interpreted differently," and therefore determining that the court's holding would apply to both statutes

1 of 10

Page 264

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 19

Finally, I acknowledge the concern that requiring TEA to take a more active role in promoting handicap accessibility in driver education would unduly expand its role. True, it may well impose an unanticipated ADA burden on the agency. Yet Congress made the conscious calculation to impose this burden on public entities. In light of this nation's unseemly history of systematically excluding persons with disabilities from public life and public activities, Congress intentionally wrote the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination." It might not be convenient for TEA to require ADA compliance by its licensed driver education schools, but the ADA's sweeping purpose is clear. And, after all, TEA may rely on the ADA's safety valve of reasonableness. Although TEA is obligated to make "reasonable modifications in policies, practices, or procedures," if it finds that such modifications are too strenuous, it may "demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity," and be excused from compliance. A public entity's obligations under Title II are broad, but they are not unlimited.

Vannoy v. Fed. Reserve Bank of Richmond

827 F.3d 296 (4th Cir. 2016)Cited 157 times

Judge's Summary — Holding that claim under FMLA based on employer's failure to notify employee of his right to reinstatement at the conclusion of his medical leave, which would have caused him to structure his leave differently

1 of 10

Page 299

Dr. Brugh, who had treated Vannoy for depression previously, was aware of Vannoy's history of depression "going way back," and that Vannoy had taken antidepressant medications "for a long time." J.A. 419–20. As the Medical Director of the Health Services Department, Dr. Brugh was responsible for core aspects of FRBR's FMLA and ADA compliance, including: evaluating and treating employees; overseeing administration of short term

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 20

1    disability and ADA benefits; working closely with human resources on health and disability related benefits;
2    overseeing and reviewing applications for FMLA leave; and working with FRBR departments in connection with
3    employee performance issues potentially related to health problems. The record does not reflect that Dr. Brugh ever
4    spoke with Vannoy about his rights and responsibilities under the FMLA.

6                        Hohider v. United Parcel Service, Inc.

8                        243 F.R.D. 147 (W.D. Pa. 2007)Cited 17 times

11                       Judge's Summary — In Hohider, the District Court certified a nationwide class of employees
12   alleging a pattern or practice of unlawful discrimination under Title I of the ADA. Hohider v. United Parcel Service,
13   Inc., 243 F.R.D. 147, 246 (W.D.Pa.2007).

15                       1 of 10

17                       Page 213

20                       UPS also presents data about accommodations made to employees at UPS based upon avenues
21   outside of the formal ADA compliance protocol-such as accommodations through its alcohol and controlled
22   substance program, its disqualified driver program, its TAW program, its Diabetes Protocol and Vision Protocol, its
23   hearing disability program, its Residual Disability/Return to Work program for non-bargaining unit employees, and
24   accommodations made on an informal basis. See generally Williams Decl. ¶¶ 8-18; Lee Decl. ¶¶ 18-22.

26                       Spector v. Norwegian Cruise Line Ltd.

28                       545 U.S. 119 (2005)Cited 114 times

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 21

Judge's Summary — Noting that the general non-discrimination rule in subsection is "supplemented by various, more specific requirements," such as those found in subsection (b)

1 of 10

Page 127

The District Court held that, as a general matter, Title III applies to foreign-flag cruise ships in United States territorial waters. Civ. Action No. H-00-2649 (SD Tex., Sept. 10, 2002), App. to Pet. for Cert. 35a. The District Court found, however, that the petitioners' claims regarding physical barriers to access could not go forward because the agencies charged with promulgating architectural and structural guidelines for ADA compliance (the Architectural and Transportation Barriers Compliance Board, the Department of Transportation, and the Department of Justice) had not done so for cruise ships. In these circumstances, the court held, it is unclear what structural modifications NCL would need to make. Id., at 36a-42a. The District Court granted NCL's motion to dismiss the barrier-removal claims, but denied NCL's motion with respect to all the other claims. Id., at 47a.

Dudley v. Hannaford Bros. Co.

333 F.3d 299 (1st Cir. 2003)Cited 123 times1 Legal Analyses

Judge's Summary — Discussing importance of private litigation in achieving broad compliance with ADA

1 of 10

Page 305

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 22

1    Under Title III of the ADA, courts typically have gauged the discriminatory effect of a policy or

2    practice by the degree to which that policy or practice denies access to a disabled individual, not merely by the

3    specific instances in which the policy or practice frustrates the individual. See, e.g., id. at 1136-37 (holding that a

4    disabled individual suffers an injury once he has "become aware of discriminatory conditions existing at a public

5    accommodation . . . and is thereby deterred from visiting or patronizing that accommodation"); Steger v. Franco,

6    Inc., 228 F.3d 889, 893 (8th Cir. 2000) (holding that a disabled individual may invoke Title III to demand that a

7    building be brought into compliance with the ADA even though he only entered the building once). In these cases,

8    the existence of a private right of action under section 12188(a)(1) does not depend upon how many attempts a

9    plaintiff has made to overcome a discriminatory barrier, but, rather, upon whether the barrier remains in place.

10

11    Bekker v. Humana Health Plan, Inc.

12

13

14    229 F.3d 662 (7th Cir. 2000)Cited 102 times

15

16    Judge's Summary — Approving of district court analysis finding that "employee and patient

17    reports of her smelling of alcohol constituted sufficiently objective evidence"

18

19    1 of 10

20

21    Page 667

22

23

24    Humana has a policy against alcohol and drug use in the workplace. It states that "Employees shall

25    be prohibited from working while under the influence of alcohol and/or drugs. . . . Compliance with this policy is a

26    condition of continued employment. Violation of any aspect of this policy may subject the employee to disciplinary

27    action, up to and including discharge." Ptf. Ex.8.

28

ACCESS 4 ALL, INC. v. OM MANAGEMENT, LLC

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 23

Case No. 2:06-cv-0374 (S.D. Ohio May. 15, 2007)Cited 6 times

Judge's Summary — Stating that "Article III cannot require an ADA plaintiff to continue to be subjected to injury in order to have standing to seek injunctive relief; nor is it required for a plaintiff that has previously experienced injury to `jump through a hoop' of highlighting future use in order to prove `actual and imminent' injury. Because the injury is part of the hotel structure, the injury is always `actual and imminent' and will continue to hold that status until the property becomes ADA compliant"

1 of 10

Page 11

Finally, like Friends of the Earth, the defendants' lack of ADA-compliance was (and still is) occurring at the time Mr. Young filed the complaint. Instead of forcing Mr. Young to make reservations at the hotel and continually visit the hotel (only to be repeatedly subjected to the problems that he faced as a disabled individual), the Court sees nothing improbable about the proposition that the hotel's continuous and pervasive noncompliance is sufficient to establish a concrete and real injury sufficient to establish standing. See 42 U.S.C. § 12188(a)(1) ("Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions").

Ames v. Home Depot U.S.A

629 F.3d 665 (7th Cir. 2011)Cited 463 times2 Legal Analyses

Judge's Summary — Finding that the plaintiff's alcoholism was not a disability under the ADA even after she alleged that she had missed work to undergo alcohol treatment

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 24

1 of 10


Page 671


Ames also appeals the district court's conclusion that she had no valid claim under the ADA. Taking the record in the light most favorable to Ames, her ADA claims cannot survive summary judgment. For either a discrimination claim or a failure-to-accommodate claim, Ames must show that she has a disability under the ADA. Lloyd v. Swifty Transp., Inc., 552 F.3d 594, 601 (7th Cir. 2009); Mobley v. Allstate Ins. Co., 531 F.3d 539, 545 (7th Cir. 2008). Alcoholism may qualify as a disability if it "substantially limits one or more major life activities." 42 U.S.C. § 12102(1). A substantial limitation is a limitation that renders an individual unable to perform a major life activity or that significantly restricts an individual in performing a major life activity. 29 C.F.R. § 1630.2(j) (2010). Major life activities can include caring for oneself, sleeping, walking, and working. 42 U.S.C. § 12102(2). Ames cannot show that her alcoholism is an ADA disability because there is no evidence in the record that it substantially limited her major life activities. Ames presented no evidence that her alcohol problem substantially limited her activities at home. And again we refer to her testimony where she insisted that her alcohol problem did not affect her work performance. Additionally, her discrimination and failure-to-accommodate claims fail because the record establishes that Home Depot fired Ames because she came to work under the influence of alcohol. This was a failure to meet Home Depot's legitimate expectations for its employees, as Home Depot need not accommodate an alcoholic by overlooking such violations of workplace rules. See 42 U.S.C. § 12114(c)(4) (providing that an employer "may hold an employee . . . who is an alcoholic to the same qualification standards for employment or job performance and behavior that such [employer] holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee"). And there is no evidence that Home Depot failed to accommodate Ames's requests to schedule her work around AA meetings; in fact, the evidence shows that Home Depot gave Ames time off with pay and assistance through its Employee Assistance Program.


Moorer v. Baptist Memorial Health Care


BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 25

398 F.3d 469 (6th Cir. 2005)Cited 281 times1 Legal Analyses

Judge's Summary — Affirming emotional distress damages award on ADA claim and explaining that "the statutory authorization for compensatory damages under the ADA and Title VII derives from the same source."

1 of 10

Page 485

Although Turic was a Title VII case, we assume that the same standard applies to emotional distress damages under the ADA because the statutory authorization for compensatory damages under the ADA and Title VII derives from the same source. See 42 U.S.C. § 1981a(a).

Holmes v. Godinez

No. 11 C 2961 (N.D. Ill. Oct. 8, 2015)Cited 39 times

Judge's Summary — Holding that the ADA does not preclude equal protection claims brought under section 1983 based on the same conduct

1 of 10

Page 8

Following and/or in connection with the ADA Directive, IDOC also modified a number of its forms, added ADA inserts into its inmate orientation handbook, and appointed various ADA compliance officers.
BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 26

(Deposition of Rachel McKinzie at 47-48, Pls' SOF Ex. 13 [hereinafter McKinzie Dep.].) IDOC's Agency ADA Compliance Officer, Patrick Keane, is responsible for coordinating the Department's overall compliance with the ADA. (AD at 3.) In addition, each correctional facility has its own ADA Coordinator who is responsible for reviewing inmates' requests for ADA accommodations, developing and monitoring Communication Plans and other disability accommodations, and submitting an annual compliance report to the Agency ADA Compliance Officer. (AD at 3-4.) Mr. Keane is not aware how each ADA Coordinator monitors accommodations under the ADA Directive at their own facilities. (Pls' SOF ¶ 3(E).)

WHEREFORE, Plaintiff requests judgment as follows:

1. For money damages in an amount to be determined at trial, but not less than $*[dollar amount of minimum sum]*;

2. For Plaintiff's reasonable costs and attorney's fees; and

3. Such other and further relief as the court deems just and proper.

Dated: *[date of complaint]*

*[Name of plaintiff's attorney]*

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 27

1
2
3
4
5
6
7
8
9
10        Dated this day of Month, year.
11
12                                        _____
13                                        Attorney Name
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BREACH OF CONFIDENTIALIYFRAUDNEGLIGENCEWORKPLACE HARASSMENTBREACH OF
AMERICAN DISABILITIES ACTWRIT OF MANDATE FOR CLASS ACTION - 28